UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

LARSELLA OGLESBY

              Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NY CITY POLICE OFFICER
ANDREA SIMMONDS, in her individual
and official capacities as employees of the New York City Police
Department

              Defendants.
-------------------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

**14- CV- 0308**

      The Plaintiff, Larsella Oglesby, by his attorney, Paul V. Prestia, Esq., of The Prestia Law Firm, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

    1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Andrea Simmonds, a police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

    2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the defendants NEW YORK CITY POLICE OFFICER ANDREA SIMMONDS, has her Precincts within the boundaries of the said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendants Police Officer Simmons, and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.  And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. According to information and belief, at the time of this incident Plaintiff was a resident of Kings County, NY.

12. On May 15, 2012 at approximately 7:00 pm, Plaintiff was at or Bay Avenue and 18th Street, Brooklyn, NY, when without cause or justification or permission defendant Simmonds approached plaintiff, informed plaintiff she was a police officer and proceeded to handcuff and arrest plaintiff without cause or justification.

13. Plaintiff was driven in a police van for several hours then taken to the 70th Precinct.

14. On May 16, 2012, without cause or justification, Plaintiff was then transported to Central Booking, New York County

15. Plaintiff was arraigned in Kings County Criminal Court on May 16, 2012 at approximately 11:00p.m. Plaintiff was charged with Criminal Sale of a Controlled Substance in the Third Degree. Plaintiff was released on his own recognizance.

16. Plaintiff subsequently went to court on approximately three occasions.

17. On November 30, 2012, The charges against plaintiff were dismissed in their entirety.

18. As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering

## FIRST CAUSE OF ACTION
### (False Arrest Under Federal Law)

19. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18 of this complaint as if fully set forth herein.

20. The acts and negligence of the Defendant Officers Simmonds, committed under color of law and under their authority as City of New York police officers, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm

and distress, mental anguish, fear, pain and suffering to Plaintiff. The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

21. As a consequence thereof, Plaintiff was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION

### (Federal Civil Rights Violation)

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 of this complaint as if fully set forth herein.

23. The acts and negligence of the defendant Officer Simmonds, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, who is African-American, were motivated by racial animus, were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

24. As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## THIRD CAUSE OF ACTION

### (Monell)

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24 of this complaint as if fully set forth herein.

26. On information and belief, prior to and including May 15, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

27. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

28. On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

29. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

30. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

32. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

33. As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## **FOURTH CAUSE OF ACTION**

**(Malicious Prosecution Under Federal Law)**

34. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this complaint as if fully set forth herein.

35. Defendant Simmons initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

36. Defendant Simmons in initiating the above-stated malicious prosecution used such to cover up their illegal and unconstitutional conduct and force plaintiff into confessing to a crime he did not commit.

37. The acts and negligence of Defendant Simmonds in falsely charging, imprisoning and maliciously prosecuting plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

38. As a consequence thereof, plaintiff has been injured, and plaintiff, claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FIFTH CAUSE OF ACTION

(Malicious Prosecution Under State Law))

39. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 38 of this complaint as if fully set forth herein.

40. Defendant Simmonds is liable to plaintiff for malicious prosecution of his August 2012 arrest, because pursuant to a conspiracy, and acting with malice, the defendant initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the criminal court(s) alleging plaintiff had committed various crimes, fabricated a basis for having probable cause; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff were dismissed in their entirety.

41. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

42. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s) and pursuing said prosecutions despite knowing they did not have the requisite probable cause to successfully prosecute plaintiff.

43. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2. A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process

of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4. Compensatory damages against all defendants in an amount to be determined by a jury;

5. By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

6. An award to Plaintiff of the costs and disbursements herein;

7. An award of attorney's fees under 42 U.S.C. § 1988;

8. Such other and further relief as this Court may deem just and proper.

Dated: February 17, 2014
New York, New York

_____
Paul V. Prestia, Esq.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
212.430.6313
pprestia@prestialaw.com
Attorney for Plaintiff